IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

LARRY D. BARRETT                                                                                    PLAINTIFF

      v.                              Civil No. 08-5155

NANCY COLE, Bob Cole
Bonding; JOHN DOE BOOKING
OFFICER, Benton County Detention
Center; CAPTAIN HUNTER PETRAY;
and KEITH FERGUSON, Sheriff,
Benton County, Arkansas                                                                         DEFENDANTS

## REPORT AND RECOMMENDATION OF THE MAGISTRATE JUDGE

Larry D. Barrett filed this pro se civil rights action pursuant to 42 U.S.C. § 1983. He proceeds *pro se* and *in forma pauperis*. The complaint was filed subject to a later determination of whether it should be served upon the defendants. Because more information was needed about his claims, a questionnaire (Doc. 11) was propounded to Barrett. His response to the questionnaire was filed as an addendum to the complaint (Doc. 19).

## BACKGROUND

Barrett alleges that at some unknown date in the past, not over about two years ago, he made a $7,500 bond with Bob Cole Bonding on charges of possession of a controlled substance, public intoxication, and possession of drug paraphernalia. *Complaint* (Doc. 1) at page 11. He indicates he went to Judge Clinger's court and the felony possession of a controlled substance charge was dismissed. *Id.* He then alleges he went to Judge Skaggs' court on the misdemeanor charges of public intoxication and possession of drug paraphernalia charges and was ordered to pay a fine. *Id.* He alleges this concluded the bond. *Id.*

AO72A
(Rev. 8/82)

Subsequently, Barrett alleges he got picked up for aggravated assault and made another $7,500 bond with Bob Cole Bonding. *Complaint* at pages 11-12. While he was waiting for court, he asserts he was arrested for failure to pay the fines on the two misdemeanor charges of public intoxication and possession of drug paraphernalia. *Id.*

He states that Bob Cole Bonding then revoked his bond because he didn't call them over the weekend. *Complaint* at pages 11-12. Barrett indicates Nancy Cole of Bob Cole Bonding sent bond revocation papers to the Benton County Jail on a bond that didn't exist. *Addendum* (Doc. 19) at ¶ 1. He states this prevented him from being released for fourteen days. *Id.* He was moved from the misdemeanor tank to the felony tank and given a court date as a result of the revocation of bond charge. *Id.* at ¶ 3.

Barrett asserts he went to court for a bond hearing on a failure to pay fines charge and the judge ordered him released on his own recognizance. *Complaint* at page 12. At this point, he states the only thing holding him was the "bond revoke." *Id.* He alleges he asked the officers to look up on the computer his charges and was told he would go before Judge Clinger in fourteen days for "possession of a controlled substance bond revoke." *Id.* He indicates he told the officers that Bob Cole had revoked the wrong bond and there was no bond on the possession of a controlled substance charge because it had been dismissed. *Id.* On the day Barrett was to appear, Sgt. Nance discovered there were no felony charges against him and he was released per order of the judge. *Id.* at page 15.

Barrett also alleges that on June 25, 2008, he received back in the mail a copy of a letter he had attempted to send to an attorney, Rick Woods. *Complaint* at page 9. He indicates the letter had been opened, stapled, and then the staple removed and resealed. *Id.* He states that

staples are not allowed in the jail. *Id.* He further maintains the letter did not reach the attorney because it had been sent back marked return to sender. *Id.*

Barrett did not personally speak to, or communicate with, Sheriff Ferguson about his belief that he was being held in jail improperly. *Addendum* at ¶ 4. However, he did send request forms and grievances to jail staff. *Id.* In response, he was told he would have to see the judge. *Id.* As the Sheriff is in charge of jail staff, Barrett believes he should have been made aware of the information he sent to the jail staff pertaining to the case. *Id.*

Similarly, with respect to Captain Petray, Barrett did not personally speak to, or communicate with, Captain Petray about his belief that he was being held in jail improperly. *Addendum* at ¶ 5. However, Barrett believes Captain Petray should have been in contact with his staff and should have been made aware of Barrett's requests and grievances. *Id.* Once Barrett started his lawsuit, he indicates he wrote to Captain Petray personally and asked for copies of his book-in and release information for the past three years. *Id.* Barrett's requests were denied. *Id.*

With respect to the John Doe booking officer, Barrett believes the officer violated his constitutional rights by not being aware of the false bond revocation charge. *Addendum* at ¶ 6. By taking a charge that didn't exist and placing it in the computer, Barrett maintains the officer caused him to be held in the jail after he was cited out. *Id.*

With respect to his mail being tampered with on or about June 18, 2008, Barrett believes Captain Petray may have had something to do with it. *Addendum* at ¶ 8. Barrett bases this belief on the fact that he had informed Captain Petray that he was suing the jail because Captain Petray had denied him copies of booking papers and grievances. *Id.*

This was the only time his mail was tampered with at the detention center. *Addendum* at ¶ 8. He had access to basic writing materials. *Id.* at ¶ 10. He was able to send and receive both personal and legal mail. *Id.* at ¶¶ 11 & 12. He wrote his letters, placed them in envelopes, sealed the envelopes, and then handed them to a pod deputy to be mailed. *Id.* at ¶¶ 13 & 14.

## DISCUSSION

Section 1983 provides a federal cause of action for the deprivation, under color of law, of a citizen's "rights, privileges, or immunities secured by the Constitution and laws" of the United States. "To establish a claim under 42 U.S.C. § 1983, [a plaintiff] must show [1] a deprivation [under color of law] of [2] a right, privilege, or immunity secured by the Constitution or the laws of the United States." *Dunham v. Wadley*, 195 F.3d 1007, 1009 (8th Cir. 1999).

First, Barrett's claims against Nancy Cole of Bob Cole Bonding are subject to dismissal. In general, private citizens do not act under color of state law for purposes of § 1983. *Bilal v. Kaplan*, 904 F.2d 14, 15 (8th Cir. 1990). While private parties who conspire with state actors may be held liable under § 1983, *see e.g., Sanders v. Sears, Roebuck & Company*, 984 F.2d 972, 975 (8th Cir. 1993); *Smith v. Bacon*, 699 F.2d 434, 436 (8th Cir. 1983), Barrett has not alleged the existence of a conspiracy between Cole and the jail officials. A bondsman is not a state actor where she neither purports to act pursuant to a warrant nor enlists the assistance of law enforcement officers in enforcing a warrant or in apprehending her principal. *Landry v. A-Able Bonding,* Inc., 75 F.3d 200 (5th Cir. 1996); *Green v. Abony Bail Bond*, 316 F. Supp. 2d 1254, 1261 (M.D. Fla. 2004)(Bail bondsmen who work with their principals without any assistance from law enforcement officials are consistently found not to be state actors.). Instead, "[a]s a

general matter, bondsmen are private citizens who interact with the state in the course of pursuing their private interests. Their conduct is therefore not attributable to the state." *Dean v. Olibas*, 129 F.3d 1001, 1005 n. 1 (8th Cir. 1997).

Second, Barrett's claims regarding the alleged mail tampering are subject to dismissal. Inmates have a First Amendment right of free speech to send and receive mail. *See Hudson v. Palmer*, 468 U.S. 517, 547, 104 S. Ct. 3194, 82 L. Ed. 2d 393 (1984). "The fact of confinement and the needs of the penal institution impose limitations on constitutional rights, including those derived from the First Amendment." *Jones v. North Carolina Prisoners' Union*, 433 U.S. 119, 125, 97 S. Ct. 2532, 53 L. Ed. 2d 629 (1977). Restrictions on this First Amendment right are valid "only if [they are] reasonably related to legitimate penological interests." *Turner v. Safely*, 482 U.S. 78, 89, 107 S. Ct. 2254, 96 L. Ed. 2d 64 (1987).

Here, Barrett does not contend there was a limit placed on the number of legal or personal letters he could mail. He does not challenge a ban on the type of mail he could receive or send. He does not contend he was denied paper, writing instruments, or postage.

He has not suggested there was any ongoing practice of censorship or that the inspection procedures at the jail were unconstitutional. *Jensen v. Klecker*, 648 F.2d 1179 (8th Cir. 1981)(Inspection procedures of incoming or outgoing non-legal mail for contraband have been upheld as constitutional.).

Rather, Barrett contends his mail was on one occasion tampered with by someone. Other than Barrett's conclusory allegation that Captain Petray "may" have had something to do with the tampering, Barrett does not allege facts suggesting any of the named Defendants rather than the postal service or some third party were directly responsible for the alleged tampering. Barrett

-5-

does not allege Captain Petray was involved in the processing of mail at the detention facility or how Captain Petray would have known to watch for and intercept letters addressed by Barrett to Rick Woods. There is no allegation that Sheriff Ferguson, Captain Petray, or the John Doe Booking Officer were involved in the receipt, distribution, processing, or sending of mail by inmates. *See Martin v. Sargent*, 780 F.2d 1334, 1338 (8th Cir. 1985)(§ 1983 liability requires personal involvement in or direct responsibility for actions resulting in the constitutional violation). Furthermore, an isolated incidence of mail tampering does not state a claim of constitutional dimension. *See Davis v. Goord*, 320 F.3d 346, 351 (2d Cir. 2003)(Plaintiff must show regular and unjustifiable interference-- an isolated incident of mail tampering is usually insufficient to establish a constitutional violation); *Zimmerman v. Tribble*, 226 F. 3d 568, 572 (7th Cir. 2000)(allegations of sporadic and short-term delays and disruptions are insufficient to state a claim under the First Amendment); *Rowe v. Shake*, 196 F.3d 778, 782-783 (7th Cir. 1999)(relatively short-term and sporadic delays in receiving mail not the result of content-based prison regulation or practice is insufficient to state a First Amendment claim).

Finally, Barrett's claim that the John Doe booking officer violated his rights by placing the bond revocation charge in the computer is subject to dismissal. Liability under § 1983 requires some personal involvement. *See e.g., Martin v. Sargent*, 780 F.2d 1334, 1338 (8th Cir. 1985). The booking officer merely records the information he is provided in the computer. He does not determine what charges should be brought and does not have the authority to dismiss charges.

## CONCLUSION

I therefore recommend that Barrett's claims be dismissed on the grounds the claims are

frivolous and fail to state claims upon which relief can be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(i)- (iii) (in forma pauperis action may be dismissed on such grounds at any time).

**Barrett has ten days from receipt of the report and recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. Barrett is reminded that objections must be both timely and specific to trigger de novo review by the district court.**

DATED this 13th day of August 2009.

/s/ *J. Marschewski*
HON. JAMES R. MARSCHEWSKI
UNITED STATES MAGISTRATE JUDGE